## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Leroy Milner,<br><br>           Petitioner,<br><br>v.<br><br>Michelle Smith,<br><br>           Respondent. | Case No. 14-cv-4461 (PJS/HB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Edward Leroy Milner, a Minnesota state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order dated October 28, 2014, this Court noted a serious defect in Milner's habeas petition: It did not appear that Milner had exhausted all available state remedies for each of the ten grounds for relief raised in his petition. (Order at 3 [Doc. No. 5].) Accordingly, this Court ordered Milner to file an affidavit showing "when and how each of Milner's current claims was presented to the Minnesota Court of Appeals and the Minnesota Supreme Court, and when and how those courts adjudicated his claims." (*Id.* at 3.) This Court further instructed Milner to "provide copies of his state appellate briefs, if available, to show that he fairly presented each of his federal habeas claims to each tier of the state courts." (*Id.*)

Milner has since filed an affidavit with the Court. [Doc. No. 6.] That affidavit, however, discusses only *some* of the grounds for relief raised in Milner's habeas petition. For example, Milner's affidavit says nothing about the prosecutor's alleged violation of

*Brady v. Maryland*, 373 U.S. 83 (1963), which is raised in ground seven of the petition; or about defense counsel's alleged ineffective assistance, which is raised in ground ten of the petition. Moreover, the Minnesota Court of Appeals failed to address these issues in its opinion affirming Milner's conviction, which strongly suggests that Milner did not raise these issues. *See State v. Milner*, No. A12-2137, 2013 WL 6152174 (Minn. Ct. App. Nov. 25, 2013). Finally, Milner did not file copies of his state appellate briefs as ordered, and thus this Court cannot confirm that he raised these issues before the Minnesota state courts. By all indications, then, these two claims are unexhausted.

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion requirement, a state prisoner such as Milner must fairly present all of his federal constitutional claims to each tier of state appellate review before seeking § 2254 relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The Supreme Court has further explained:

> Before seeking a federal writ of habeas corpus, a state
> prisoner must exhaust available state remedies, thereby giving
> the State the opportunity to pass upon and correct alleged
> violations of its prisoners' federal rights. To provide the State
> with the necessary opportunity, the prisoner must fairly

> present his claim in each appropriate state court (including a
> state supreme court with powers of discretionary review),
> thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted).

For the reasons described above, it does not appear that Milner has met the exhaustion requirement for at least two of his current claims for relief. This Court therefore concludes that Milner has filed a "mixed petition" that includes both exhausted and unexhausted claims. "When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269 (2005)]." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982).

This Court does not believe the stay-and-abeyance procedure of *Rhines* to be appropriate in this case. The Supreme Court has cautioned that this procedure "should be available only in limited circumstances," including only where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Milner has not demonstrated *any* cause, much less good cause, for his failure to exhaust either his *Brady* claim or his claim for ineffective assistance of counsel in state court. Accordingly, stay and abeyance of Milner's habeas petition would be inappropriate here.

It is therefore recommended instead that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts.  Dismissal of Milner's petition without prejudice will allow Milner to return to the state courts and attempt to exhaust his presently unexhausted claims by filing a state post-conviction motion pursuant to Minn. Stat. § 590.01.  Milner may then return to federal court, if necessary, after the state courts, including the Minnesota Supreme Court, have reviewed and decided *all* of the claims that he seeks to present in federal court.  See *Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[1]

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims and proceed with an amended petition that includes only his fully exhausted claims.  See *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996).  This option remains available to Milner, notwithstanding this Court's recommendation that his petition be dismissed.  If Milner intends to exercise that option, he must file an entirely new amended petition that includes only fully exhausted claims, and he must set forth the facts supporting exhaustion for each claim.

Only two matters merit further comment.  First, having determined that this action must be summarily dismissed, the Court will further recommend that Milner's pending application to proceed *in forma pauperis* ("IFP") be denied.  See *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).  Second,  a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate

---

[1] If Milner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).

of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No court, including the Eighth Circuit Court of Appeals, is likely to treat Milner's habeas petition any differently than it is being treated here. Accordingly, it is recommended that Milner not be granted a COA.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts;

2. Petitioner Edward Leroy Milner's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**; and

3. No certificate of appealability be granted.

Dated: December 17, 2014          s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 5, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.