UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

EDWARD LEROY MILNER,                            Case No. 14-CV-4461 (PJS/HB)

          Petitioner,

v.                                                                    ORDER

MICHELLE SMITH,

          Respondent.

---

Edward Leroy Milner, pro se.

Petitioner Edward Milner has filed a ten-claim application for a writ of habeas corpus under 28 U.S.C. § 2254, collaterally attacking his state-court convictions for contempt of court and for violating a domestic-abuse no-contact order.[1]  ECF No. 1.  The Minnesota Court of Appeals affirmed Milner's convictions.  *State v. Milner*, No. A12-2137, 2013 WL 6152174 (Minn. Ct. App. Nov. 25, 2013).[2]

Magistrate Judge Hildy Bowbeer reviewed Milner's habeas application and noted that Milner had apparently failed to exhaust his state-court remedies by

---

[1]Milner previously filed another habeas application challenging a separate judgment for first-degree burglary and felony domestic assault.  The Court dismissed that application without prejudice for failure to exhaust state-court remedies.  *Milner v. Smith*, No. 14-CV-4243 (PJS/HB) (D. Minn. Jan. 5, 2015).

[2]A search of the publicly available records on the Minnesota Supreme Court's website suggests that Milner filed a petition for review, but the petition was dismissed because Milner failed to serve it on the government.

presenting all ten of his claims to the state courts through one complete round of appellate review—a requirement of habeas relief. *See* § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Judge Bowbeer ordered Milner to provide an affidavit "that provides a comprehensive explanation of how the exhaustion requirement has been satisfied" for each of his claims. ECF No. 5 at 3. Judge Bowbeer also ordered Milner to provide copies of his state appellate briefs, "if available." *Id.* Judge Bowbeer warned Milner that if he did not provide the required documentation his application might be dismissed without prejudice. *Id.*

Milner responded with an affidavit that argued the merits of some of his habeas claims and alleged that Judge Bowbeer should be disqualified because she had "prejudice or personal bias" against him. ECF No. 6. Milner cited as evidence of Judge Bowbeer's "bias" the fact that she had ordered him to explain how he had exhausted his state-court remedies, and Milner complained that Judge Bowbeer was "a woman of . . . unknown thoughts, opinions, and assumptions" about domestic violence. *Id.* at 2, 20. Milner attached transcripts from his Minnesota trial-court proceedings, but he did not submit copies of anything that he had filed with either the Minnesota Court of Appeals or the Minnesota Supreme Court.

Judge Bowbeer denied Milner's request that she recuse herself and issued a Report and Recommendation ("R&R") recommending that Milner's application be

-2-

dismissed without prejudice because he had not established that he had exhausted his state-court remedies. ECF Nos. 7-8. Judge Bowbeer noted that, in affirming Milner's convictions, the Minnesota Court of Appeals did not even mention two of the federal claims Milner is now pursuing (the prosecutor's purported violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and his lawyer's alleged ineffective assistance). ECF No. 8 at 1-2. This silence, Judge Bowbeer reasoned, "strongly suggests that Milner did not raise these issues." *Id.* Judge Bowbeer recognized that Milner may have properly exhausted some of his claims, but concluded that his apparently "mixed petition" (containing both exhausted and unexhausted claims) should be dismissed without prejudice, so that Milner could either return to state court to exhaust all of his claims or file an amended habeas petition containing only exhausted claims. *Id.* at 3-4. Judge Bowbeer further recommended that no certificate of appealability be issued. *Id.* at 4-5.

This matter is before the Court on Milner's objection to the R&R. ECF No. 11.[3] Also pending is Milner's motion for appointment of counsel. ECF No. 9. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Bowbeer's analysis and adopts her R&R. Only a few matters merit comment.

---

[3]The R&R was signed on December 17, 2014, and entered on the docket the following day.

*First*, Milner insists that, although the decision of the Minnesota Court of Appeals said nothing about two of the claims in his current federal petition, he did raise those issues before that court. Yet Milner still provides nothing to show that he indeed pursued all of his federal claims in both state appellate courts—i.e., in both the Minnesota Court of Appeals and the Minnesota Supreme Court. As a habeas petitioner, Milner bears the burden of showing that he exhausted his state-court remedies. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391 (1963); *Fenner v. Taylor*, 99 F. App'x 82, 83 (8th Cir. 2004) (unpublished); *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). Milner has not met that burden.

*Second*, Milner contends that his habeas petition should not be dismissed even if two of his claims were not exhausted because his petition includes eight other claims that were exhausted. But dismissal without prejudice is precisely what the Supreme Court has instructed be done with "mixed petitions" containing exhausted and unexhausted claims. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Although Milner does not request a stay, the Court agrees with Judge Bowbeer that Milner is not entitled to a stay of his federal proceeding while he returns to state court to attempt to exhaust his claims. Milner has not shown—as he must to be entitled to a stay—that there was "good cause" for his apparent failure to exhaust. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

*Third*, Milner maintains that Judge Bowbeer should not have asked him to provide copies of his state appellate briefs because he is indigent. He points to 28 U.S.C. § 2254(f), which authorizes federal courts to order state officials to produce portions of the record relevant to sufficiency-of-the-evidence challenges if the petitioners are indigent or otherwise unable to produce the record themselves. But this provision does not apply, as Milner's habeas application does not challenge the sufficiency of the evidence supporting his convictions. Moreover, Milner's failure to provide the briefs was not determinative. Judge Bowbeer told Milner to produce those briefs only "if available." The briefs were just one way for Milner to establish that he had presented his claims to the Minnesota courts. Milner also might have explained in his affidavit how the claims were presented to the trial court, and then to the Court of Appeals, and then to the Supreme Court. But, as Judge Bowbeer observed, Milner did not even discuss his *Brady* or ineffective-assistance claims.

*Fourth*, Milner makes the bald assertion that circumstances exist that render the Minnesota courts' corrective processes ineffective to protect his rights—an exception to the exhaustion requirement under § 2254(b)(1)(B)(ii). But Milner does not identify these "circumstances" or otherwise substantiate his assertion.

*Finally*, to the extent that Milner challenges Judge Bowbeer's denial of his request that she recuse herself, that request was and remains specious. Milner's objection

appears to boil down to disagreements with Judge Bowbeer's decisions regarding his habeas application.  But, "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013).  Milner has identified no statements of Judge Bowbeer's that even remotely "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of petitioner Edward Leroy Milner [ECF No. 11] and ADOPTS the Report and Recommendation entered on December 18, 2014 [ECF No. 8].  IT IS HEREBY ORDERED THAT:

1. Milner's application under 28 U.S.C. § 2254 [ECF No. 1] is DENIED WITHOUT PREJUDICE.

2. Milner's motion to proceed in forma pauperis [ECF No. 2] is DENIED as moot.

3. Milner's motion for appointment of counsel [ECF No. 9] is DENIED as moot.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 9, 2015	 s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge